UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAEL B. HENRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos.: 3:22-CV-269-TAV-DCP |
| | )       3:19-CR-183-TAV-DCP-2 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Michael B. Henry has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 148; Case No. 3:22-cv-183 ("Civil Case"), Doc. 1].[1] The government has responded in opposition [Civil Case, Doc. 7]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 148; Civil Case, Doc. 1] will be **DENIED**.

**I.     Background**

On January 30, 2020, petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [Docs. 41, 44]. As part of the plea

---

[1] All docket citations refer to the underlying criminal case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

agreement, petitioner agreed that he personally conspired to distribute or possess with intent to distribute at least 35 grams but less than 50 grams of actual methamphetamine [Doc. 41, pp. 2–3].

The presentence investigation report ("PSR") calculated petitioner's base offense level as 28 based on at least 35 grams but less than 50 grams of actual methamphetamine [PSR ¶ 22]. After a 3-level reduction for acceptance of responsibility, petitioner's total offense level was 25 [*Id.* ¶¶ 29–31]. Combined with a criminal history category of IV, this resulted in a guideline range of 84 to 105 months' imprisonment [*Id.* ¶ 75]. The PSR also noted that petitioner had pending charges for introduction of contraband in a penal facility, simple possession of methamphetamine, and possession of drug paraphernalia, in Loudon County Criminal Court, Docket Numbers 2019CR182 and 2019CR183 [*Id.* ¶¶ 53–54].

In his sentencing memorandum, defense counsel requested a low-end sentence of 84 months [Doc. 76, p. 1]. Defense counsel also argued that the Court should run petitioner's federal sentence concurrent to "any possible pending state charges, specifically, but not limited to; his pending charges from Loudon County, Tennessee" [*Id.* at 2].

The Court ultimately imposed a low-end sentence of 84 months imprisonment [Doc. 82, p. 2]. The Court specified that this sentence "shall be served concurrent with any sentence imposed in Loudon County, Tennessee, Criminal Court, Docket Numbers 2019CR182 and 2019CR183" [*Id.*].

2

Petitioner appealed [Doc. 109]. On July 19, 2021, the Sixth Circuit affirmed petitioner's conviction and sentence, after counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) [Doc. 140]. Notably, in his appeal, petitioner wished to raise whether his trial counsel rendered ineffective assistance in failing to argue for a mitigating role reduction, but the Sixth Circuit determined that such claim was properly brought in a § 2255 motion, rather than a direct appeal [*Id.* at 3].

Petitioner subsequently filed the instant § 2255 motion, arguing that his trial counsel was ineffective in (1) failing to move for a role reduction; and (2) failing to object to the omission of pending charges from the PSR [Doc. 1-1].

## II. Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d

959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, he must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to

4

consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

II.   Analysis

   A.  Ground 1 – Mitigating Role Reduction

Petitioner argues that his trial counsel was ineffective in failing to seek a minimal role adjustment under U.S.S.G. § 3B1.2 [Civil Case Doc. 1-1, p. 1]. Petitioner highlights that he was only involved in the conspiracy for a short portion of the overall conspiracy, specifically, from November 2018 through December 18, 2018, after which he was incarcerated [*Id.* at 1, 4]. Petitioner also contends that the PSR shows that he only had marginal interaction with participants in the conspiracy, noting that his connection to the indictment was through Jamie Kitts [*Id.* at 2–4]. Petitioner argues that the conspiracy for which he was charged was part of a broader conspiracy, charged separately, and his role in the larger conspiracy was negligible [*Id.* at 3–4].

The government responds that petitioner has not shown that he is substantially less culpable than the average participant in the criminal activity, as the PSR indicates that petitioner and his codefendants each sold similar quantities of methamphetamine in multiple controlled transactions [Doc. 7, p. 4]. The government states that it seems petitioner is comparing himself with his supplier, Jamie Kitts, and others who were charged with and convicted of a more serious drug-trafficking conspiracy, involving at least 50 grams of methamphetamine. The government argues that, while petitioner is less culpable than the individuals convicted of a more serious offense, he has not shown that

5

his conduct was substantially less culpable than the average participant in the conspiracy with which he was charged. Therefore, defense counsel did not perform deficiently [*Id.*].

Section 3B1.2 of the Sentencing Guidelines provides for a downward adjustment ranging from 2 to 4 levels, based on a defendant's mitigating role in an offense. U.S.S.G. § 3B1.2. The commentary to this guideline states that it is intended to apply to a defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, comment. n. 3(A). The commentary further notes that "[i]f a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section is ordinarily not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense." U.S.S.G. § 3B1.2, comment. n. 3(B).

Courts have repeatedly rejected application of a mitigating role adjustment based on a defendant's role in the overall conspiracy, when the larger conspiracy was not taken into account in establishing a defendant's base offense level. *See United States v. Roberts*, 223 F.3d 377, 380–81 (6th Cir. 2000) (collecting cases). A mitigating role adjustment is not appropriate in such a circumstance because "the Guidelines have already taken into account [the defendant's] reduced role within the conspiracy." *United States v. Verburg*, 588 F. App'x 434, 439 (6th Cir. 2014).

In this case, petitioner and three codefendants were charged with conspiracy to distribute and possess with intent to distribute five grams or more of methamphetamine [Docs. 3, 41]. A review of the PSR indicates petitioner was involved in multiple controlled purchases of relatively small quantities of methamphetamine [PSR ¶ 13]. But, similarly, each of petitioner's codefendants in this case were involved in controlled purchases of less than five grams of methamphetamine [*Id.* ¶¶ 12, 15–16]. Accordingly, petitioner's conduct does not appear to be substantially less culpable than that of his codefendants in his criminal case.

Petitioner, however, appears to compare his level of culpability with that of defendants in a related case, *United States v. Tory, et al.*, No. 3:19-CR-49, which included defendant Jamie Kitts, who was petitioner's supplier [*See* PSR ¶ 9; *see generally* Case No. 3:19-cr-49]. But the defendants in *Tory* were charged with a more serious offense, namely, conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine [Case No. 3:19-cr-49, Doc. 20]. Thus, any assessment of petitioner's role in the offense would not have been compared to the *Tory* defendants, but instead, to his codefendants, who were charged with the less serious offense of conspiracy to distribute and possession with intent to distribute 5 grams or more of methamphetamine.

Given that petitioner's role in the conspiracy would only have been compared to the roles of his three codefendants, defense counsel had no meritorious grounds for seeking a mitigating role adjustment. And "mere failure to raise a non-meritorious

7

objection does not constitute deficient performance." *Curtis v. Boyd*, No. 3:20-cv-559, 2023 WL 2699973, at *33 (M.D. Tenn. Mar. 29, 2023). Moreover, petitioner suffered no prejudice from his counsel's failure to object to the lack of a mitigating role adjustment in the PSR, since, applying the standards just discussed, the Court would not have granted a mitigating role adjustment. For these reasons, petitioner's first ground for relief is **DENIED**.

### B. Ground 2 – Pending Charges

Next, petitioner argues that his counsel was ineffective in failing to object to the PSR's exclusion of pending charges that should have been considered for concurrent sentencing [Civil Case, Doc. 1-1, p. 2]. Petitioner contends that there was a state indictment for the three controlled buys that were the subject of this federal case and were relevant conduct, but these charges were not included in the PSR [*Id.* at 2, 5].

The government states that petitioner has arguably shown that he was prejudiced by the absence of information about his additional pending state charge, as the Court agreed to run the sentence concurrent with all pending state charges listed in the PSR [Doc. 7, p. 5]. However, the government argues that petitioner has not satisfied the deficient performance prong, as he would have the most knowledge about the criminal charges pending against him, and he has not alleged that he told his counsel or the probation officer preparing the PSR about the other charges allegedly pending against him in Loudon County [*Id.*].

Since the government appears to concede the matter of prejudice, the Court must determine whether counsel performed deficiently in failing to object to the PSR's exclusion of a related pending state court charge. Petitioner contends that his counsel should have objected to the exclusion of a pending state court charge from the PSR, and that pending charge should have run concurrently with the federal sentence, just as his other pending charges. But ultimately, petitioner does not even allege that counsel was aware of the pending charge that was apparently excluded from the PSR. And counsel cannot perform deficiently in failing to raise a matter of which he was unaware.

Moreover, the Court notes that petitioner had ample opportunity to inform his counsel or the Court about the pending charge that was purportedly excluded from the PSR. At the sentencing hearing, both petitioner and his counsel informed the Court that they had received a copy of the PSR and had reviewed it together [Doc. 119, p. 5]. Petitioner was also given an opportunity to say anything he wished on his own behalf, during which he did not mention the missing pending charge [*Id.* at 8–9]. In pronouncing the sentence, the Court specifically stated that petitioner had pending charges in "Loudon County Criminal Court Docket Nos. 2019-cr-183 and -cr-182" and ordered that the sentence run concurrent with any anticipated sentences in those cases [*Id.* at 16]. Thereafter, petitioner was given an opportunity to object to the sentence pronounced, and then asked if there was anything further, but nothing regarding an overlooked pending state court charge was raised [*Id.* at 18].

Given the lack of any allegation that counsel had knowledge that petitioner had an additional pending state court charge that was excluded from the PSR, and petitioner's failure to mention this at any point prior to imposition of sentence, the Court cannot find that counsel was aware of the additional pending state court charge, such that his failure to object to its inclusion in the PSR rises to the level of constitutionally deficient performance. Accordingly, petitioner's claim for relief on this ground is **DENIED**.

### III. Conclusion

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 148; Civil Case, Doc. 1] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE